# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Armando Miguel Hernandez Valdez,

              Petitioner

v.

Todd Blanche, et al.,

              Respondents

Case No. 2:26-cv-01145-CDS-DJA

**Screening, Service, and Appointment Order**

[ECF Nos. 1, 1-2]

Petitioner Armando Miguel Hernandez Valdez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. His petition challenges his detention as prolonged in violation of the Fifth Amendment's Due Process Clause. ECF No. 1-1. Attached to his petition is the immigration court's order of removal, which shows that the petitioner was ordered removed to Mexico and denied asylum, withholding of removal, and deferral of removal. *Id.* at 8.

I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] As such, I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO). Further, in light of this order's granting of the petitioner's motion for appointment of counsel, I defer ruling on the petition for writ of habeas corpus to allow the Federal Public Defender for the District of Nevada (FPD) an opportunity to amend as it is unclear

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

if the petitioner is only challenging his detention, or if he is also seeking to appeal the March 20, 2026 decision in his immigration case, which is inappropriate in habeas matters.

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

It is further ordered that the motion for appointment of counsel **[ECF No. 1-2] is granted**. The FPD is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by April 23, 2026. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition or (2) a motion to dismiss the petition. The FPD must effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. <u>FILE</u> the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. <u>ADD</u> the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

3. <u>SEND</u> a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4. <u>MAIL</u> a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

5. <u>SEND</u> a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

2

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[2] until further order of the Court. In the event of lawful deportation, the respondents' counsel must file a notice with the Court within 5 days of removal.

Dated: April 15, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3